■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFINO SOTO, Appellant. [747 NYS2d 173]

Defendant's suppression motion was properly denied. Drugs were recovered from defendant incident to a lawful arrest. Defendant committed a violation in the presence of police officers, who properly elected to make an arrest rather than issuing a summons because defendant carried no identification and stated that he was homeless. Defendant argues that the Equal Protection Clause requires the police, in making such a decision, to treat a defendant's residence in a homeless shelter the same as any other verifiable address. We need not decide that issue because there is no evidence that defendant ever informed the police that he lived in a shelter. The document that defendant showed to the police apparently related to free food and did not establish that he was a shelter resident at the time of his arrest.

As conceded by the People, defendant's conviction for criminal possession of a controlled substance in the seventh degree, a lesser included offense of fourth-degree possession, should be vacated. Concur—Nardelli, J.P., Saxe, Buckley, Ellerin and Marlow, JJ.