[974 NE2d 661, 950 NYS2d 615]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MIRANDA, Appellant.

Decided June 26, 2012

---

APPEARANCES OF COUNSEL

*Bronx Defenders*, Bronx (*Kathryn E. Miller* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Stanley R. Kaplan* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

At 11:30 P.M. on October 5, 2006, in Soundview Park in the Bronx, a New York City police officer observed a knife on defendant's person, and seized it, while he was issuing defendant a summons for trespass* and questioning him about his presence in the park after hours. The knife turned out to be a gravity

---

* "A person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises" (Penal Law § 140.05). "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00 [5]). Trespass is a violation (Penal Law § 140.05). Where a police officer has probable cause to believe that a person has committed a violation, the decision to issue a summons as opposed to making an arrest is within the officer's discretion (*see* CPL 150.20 [1]; *see also People v Lewis*, 50 AD3d 595 [1st Dept 2008]; *People v Soto*, 297 AD2d 581 [1st Dept 2002]).

knife, and defendant was charged with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). Defendant moved to suppress the knife as the fruit of an unlawful search and seizure. Supreme Court granted the motion on the ground that, at the time the officer took the knife, he lacked probable cause to believe that defendant had committed a crime. The Appellate Division reversed, finding that the officer was entitled to seize the knife when he saw it (76 AD3d 466 [2010]).

We agree with the Appellate Division. Where a knife (even if not necessarily an illegal one) becomes plainly visible to a police officer in the course of an authorized common-law inquiry due to the suspect's own movement and no intrusive conduct on the officer's part, the officer is permitted to seize it, so long as the ensuing intrusion is "minimal" and "consonant with the respect and privacy of the individual" (*People v De Bour,* 40 NY2d 210, 221 [1976]). Here, the officer observed that defendant was armed while questioning him late at night in a high crime area after determining that he was trespassing; under these circumstances, it was reasonable for the officer to retrieve the knife and make an arrest when it turned out to be unlawful (*see De Bour,* 40 NY2d at 220-221; *see also People v Wyatt,* 14 AD3d 441 [1st Dept 2005], *lv denied* 4 NY3d 837 [2005]).

Our recent decisions in *People v Brannon* and *People v Fernandez* (16 NY3d 596 [2011]) are not controlling. The officer here, unlike the officers in those cases, was already engaged in a lawful encounter with defendant prior to spotting the knife, and was thus not required to have a reasonable suspicion that the knife he observed was a gravity knife before he took it.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed in a memorandum.