■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSARIO TERRANCE, Appellant. [957 NYS2d 316]—

The hearing court properly denied defendant's motion to suppress a gravity knife recovered from his person. Under the facts presented, a police officer was permitted to remove a knife from defendant's person during a common-law inquiry, even though the officer had no reason to believe it was an illegal knife until after he acquired it.

It is undisputed that the officer was entitled to make a common-law inquiry based on his observations that defendant was carrying a type of bag associated with shoplifting and appeared to be casing a store. The officer also observed that defendant's back pocket contained an outline of what appeared

to be a knife. The officer asked defendant, among other things, whether he had a knife, to which defendant responded that he did, and began to reach for his back pocket. The officer told defendant to stop, and then retrieved the knife.

Defendant's conduct, viewed in its entirety, gave the officer a reasonable basis to fear for his safety, even though the officer did not articulate any fear for his safety at the suppression hearing (*see People v Batista*, 88 NY2d 650, 654 [1996]). Accordingly, the officer's seizure of the knife from the location indicated by defendant was a reasonable protective measure (*see People v Miranda*, 19 NY3d 912 [2012]; *see also People v Hensen*, 21 AD3d 172 [1st Dept 2005], *lv denied* 5 NY3d 828 [2005]). Defendant's acknowledgment, in response to a lawful inquiry, that he was carrying a knife was equivalent to the knife becoming "plainly visible" as in *Miranda* (19 NY3d at 914).

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). The court charged the jury that the People had the burden to prove, among other things, that defendant knew he possessed a gravity knife, which the court defined in accordance with Penal Law § 265.00 (5). The People are generally not required to prove such specific knowledge of the nature of the knife (*see People v Berrier*, 223 AD2d 456 [1st Dept 1996], *lv denied* 88 NY2d 876 [1996]). However, in this case the People had to meet the added burden imposed by the court's charge, to which they did not object (*see People v Malagon*, 50 NY2d 954, 956 [1980]).

Any deficiency in the People's case with respect to the element of knowledge was cured by defendant's trial testimony (*see People v Kirkpatrick*, 32 NY2d 17, 21 [1973], *appeal dismissed* 414 US 948 [1973]). Defendant testified that he used the knife to cut linoleum tiles shortly before his arrest. This testimony permitted the jury to infer that he had opened the knife. In light of the officer's testimony that the knife was opened by using the force of gravity and automatically locked into place, the jury could have reasonably inferred that defendant knew the knife had the characteristics of a gravity knife, as defined by Penal Law § 265.00 (5). Concur—Friedman, J.P., Renwick, DeGrasse and Román, JJ.