■ The People of the State of New York, Respondent, v James O'Donnell, Appellant. [996 NYS2d 269]—

Judgment, Supreme Court, New York County (Lewis Bart

Stone, J.), rendered December 14, 2012, as amended May 1, 2013, convicting defendant, after a jury trial, of three counts of criminal possession of a weapon in the second degree, three counts of criminal possession of a weapon in the third degree and eight counts of criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.

The court properly denied defendant's suppression motion. It is undisputed that defendant's pattern of conduct warranted a police inquiry into whether he had any weapons. However, defendant argues that his response, admitting possession of an unspecified knife, did not establish that the knife was illegal, and thus did not justify a frisk. Defendant did not preserve that argument, and the court did not "expressly decide[ ]" the issue "in [response] to a protest by a party" (CPL 470.05 [2]; *see People v Turriago*, 90 NY2d 77, 83-84 [1997]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find that defendant's overall conduct, including his apparent attempt to commit a burglary, gave the officers a reasonable basis to fear for their safety. Accordingly, the officers' seizure of the weapon from the location indicated by defendant was a reasonable protective measure, regardless of whether they believed the knife to be legal or illegal (*see People v Miranda*, 19 NY3d 912 [2012]; *People v Terrance*, 101 AD3d 624 [1st Dept 2012], *lv denied* 20 NY3d 1065 [2013]). Accordingly, the ensuing police actions that led to the recovery of various weapons from defendant's person and from his storage locker were lawful.

The court properly exercised its discretion in denying defendant's mistrial motion, made on the ground that after the case was submitted to the jury, two jurors allegedly engaged in deliberations outside the presence of the other jurors. The court made a thorough inquiry, and the record supports its finding that the conversation between the two jurors did not fall within the category of deliberations (*see* CPL 310.10; *People v Horney*, 112 AD2d 841, 843 [1st Dept 1985], *lv denied* 66 NY2d 615 [1985]).

We have considered and rejected defendant's ineffective assistance claim (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Renwick, Andrias, DeGrasse and Kapnick, JJ.