■ The People of the State of New York, Respondent, v Norman Randall, Appellant. [38 NYS3d 545]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., at suppression hearing; Laura A. Ward, J., at plea and sentencing), rendered January 14, 2013, convicting defendant of criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. We conclude that an officer's removal of a knife from defendant's pocket was within the scope of lawful police conduct under the principle articulated in *People v Miranda* (19 NY3d 912 [2012]). When the officer saw defendant riding a bicycle unsafely and in violation of Vehicle and Traffic Law § 1231, the officer was entitled to stop defendant and order him off the bicycle, regardless of whether the officer's initial intent was to give defendant an admonition instead of a ticket, and whether the officer also wished to investigate a suspicious handle protruding from defendant's pocket (*see People v Edwards,* 14 NY3d 741, 742 [2010]; *People v Robinson,* 97 NY2d 341, 349 [2001]). The officer had a reasonable basis for asking defendant whether the object in his pocket was a knife, especially since, before asking, the officer noticed that the handle appeared to be that of a knife, and also recognized several indicia that defendant was a gang member (*see People v O'Donnell,* 122 AD3d 475 [1st Dept 2014], *lv denied* 24 NY3d 1122 [2015]; *People v Terrance,* 101 AD3d 624 [1st Dept 2012], *lv denied* 20 NY3d 1065 [2013]). When defendant acknowledged that the object

was a knife, the officer lawfully retrieved it, regardless of whether he believed the knife to be legal or illegal (*see Miranda,* 19 NY3d at 914). Contrary to defendant's argument, at the time the officer acquired the knife, he was still "engaged in a lawful encounter with defendant" (*id.*), that is, a single, rapidly unfolding encounter relating to the traffic violation as well as the officer's other observations. Concur—Tom, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.