People v Simmons (2018 NY Slip Op 02744)





People v Simmons


2018 NY Slip Op 02744


Decided on April 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018

Acosta, P.J., Renwick, Richter, Webber, JJ.,


4229 4106/14

[*1]The People of the State of New York Respondent,
v
Troy Simmons, Defendant-Appellant.


Richard M. Greenberg, Office of the Appellate Defender, New York (Eunice C. Lee of counsel) and Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Alejandra Ávila of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip Morrow of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J. at suppression hearing; Neil E. Ross, J. at plea, sentencing and determination upon remand), rendered May 20, 2015, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him to a term of 30 days, unanimously affirmed.
On his initial appeal (151 AD3d 628 [1st Dept 2017]), defendant argued that the hearing court improperly denied his suppression motion on the ground that the officer recovered a gravity knife from him based on a "search incident to arrest." The People contended otherwise, and also argued, in the alternative, as they did at the suppression hearing, that the officer's act of taking the knife from defendant's pocket, where the handle of the knife and its clip were in plain view, was permissible as a self-protective minimal intrusion. We held that the court erred in denying the motion on the incident-to-arrest ground, but held the appeal in abeyance and remanded the matter for a determination on the People's alternative argument, as we could not reach it under CPL 470.15(1).
On remand, the court properly concluded that the officer's retrieval of the knife from defendant's pocket was permissible as a self-protective minimal intrusion under the principle articulated in People v Miranda (19 NY3d 912 [2012]). As this Court has already determined, the officer was conducting a lawful stop at the time he observed the knife. Based on his training, the officer could reasonably conclude that the clip and handle, which were protruding from defendant's pocket and plainly visible, signified the presence of some kind of knife. Given that a complainant, who had injuries on his face, had just informed the officer that defendant had recently assaulted him, the officer had a reasonable basis to fear for his safety. Accordingly, the officer's retrieval of the knife was proper (see People v Randall, 143 AD3d 411 [1st Dept 2016], lv denied 28 NY3d 1149 [2017]; People v Terrance, 101 AD3d 624, 625 [1st Dept 2012], lv denied 29 NY3d 1065 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 24, 2018
CLERK