This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 205
The People &c.,
            Respondent,
        v.
Graham Reid,
            Appellant.

Antonio J. Perez-Marques, for appellant.
Richard Nahas, for respondent.
New York Civil Liberties Union, amicus curiae.

SMITH, J.:

The issue here is whether a search of a driver by the police officer who stopped his car was "incident" to the driver's

- 1 -

arrest.  We hold that it was not, because the record shows that, although probable cause to arrest the driver existed before the search, the driver would not have been arrested if the search had not produced evidence of a crime.

**I**

Officer Jacob Merino testified at a suppression hearing that he followed the car defendant was driving while it crossed double lines into a lane of oncoming traffic, swerved in and out of its lane without signaling, and made a right turn without signaling.  Merino stopped the car and approached it.  He saw that defendant's eyes were "very watery" and his clothing was disheveled.  There were plastic cups in the car's center console, and the officer detected an odor of alcohol.  Merino asked defendant if he had been drinking, and received an odd answer: defendant said he had a beer after getting off work at 4:00 PM -- though his conversation with the officer took place at 5:00 in the morning.  It is not disputed that the officer's observations gave him probable cause to arrest defendant for driving while intoxicated (though, as it later turned out, defendant's blood alcohol level was zero).

Merino asked defendant to step out of the car and patted him down.  In the course of doing so, he found a switchblade knife in defendant's pocket.  Defendant was then arrested.

In response to questions by the court, Merino gave the

following testimony, referring to the moment when he asked defendant to get out of the car:

> "THE COURT:  At that point, were you going to arrest him?
>
> "THE WITNESS:  No.
>
> "THE COURT:  You weren't?
>
> "THE WITNESS:  No."
>
>            ***
>
> "THE COURT:  So it's only because you ultimately found the switchblade that you arrested him?
>
> "THE WITNESS:  Yes, ma'am."

Defendant's motion to suppress the knife was denied on the ground that the pat-down was "justified as a search incident to arrest," and defendant pleaded guilty to criminal possession of a weapon.  The Appellate Division affirmed, holding that so long as probable cause to arrest defendant for driving while intoxicated existed, it was irrelevant whether Merino subjectively intended to make such an arrest (People v Reid, 104 AD3d 58 [1st Dept 2013]).  A Judge of this Court granted leave to appeal (21 NY3d 1008 [2013]), and we now reverse.

## II

The People make no claim that the pat-down in this case was justified either by reasonable suspicion that defendant presented a danger to the officer or by probable cause to believe contraband would be discovered.  The only justification the People offer for the search is that it was incident to a lawful

arrest, and exempt for that reason from the general rule that searches require a warrant (see United States v Robinson, 414 US 218 [1973]). We reject the People's argument.

It is not disputed that, before conducting the search, Merino could lawfully have arrested defendant for driving while intoxicated. And it is clear that the search was not unlawful solely because it preceded the arrest, since the two events were substantially contemporaneous (see Rawlings v Kentucky, 448 US 98, 111 [1980] ["Where the formal arrest followed quickly on the heels of the challenged search . . ., we do not believe it particularly important that the search preceded the arrest rather than vice versa"]; People Evans, 43 NY2d 160, 166 [1977] ["The fact that the search precedes the formal arrest is irrelevant as long as the search and arrest are nearly simultaneous so as to constitute one event"]). Nor is it decisive that the police chose to predicate the arrest on the possession of a weapon, rather than on driving while intoxicated (see Devenpeck v Alford, 543 US 146 [2004]). The problem is that, as Merino testified, but for the search there would have been no arrest at all.

Where that is true, to say that the search was incident to the arrest does not make sense. It is irrelevant that, because probable cause existed, there could have been an arrest without a search. A search must be incident to an actual arrest, not just to probable cause that might have led to an arrest, but did not (People v Evans, 43 NY2d 160, 165 [1977]; People v Erwin,

42 NY2d 1064, 1065 [1977]).

Knowles v Iowa (525 US 113 [1998]) is controlling here. In that case, an officer stopped the defendant for speeding, and had probable cause to arrest him under Iowa law, but chose to issue him a citation instead. The officer then searched the car, found marijuana and arrested the defendant. A unanimous Supreme Court held the search inconsistent with the Fourth Amendment. As the Court explained, the rationales justifying the "incident to arrest" exception to the warrant requirement are officer safety and the preservation of evidence; neither of these provides a sufficient reason for upholding a search where no arrest is made (id. at 116-118). The incident to arrest exception is a "bright-line rule" that does not depend on whether there is a threat of harm to the officer or destruction of evidence in a particular case (id. at 118; Robinson, 414 US at 235) -- but the rule is inapplicable to cases that fall, as does this one, outside the bright line.

The Appellate Division erred in extending the logic of Whren v United States (517 US 806 [1996]), People v Robinson (97 NY2d 341 [2001]) and Devenpeck (543 US 146) to the present case. These cases hold that a stop or arrest is valid where it is supported by the necessary level of suspicion or probable cause, whatever the actual motive for the officer's action. But the "search incident to arrest" doctrine, by its nature, requires proof that, at the time of the search, an arrest has already

occurred or is about to occur.  Where no arrest has yet taken place, the officer must have intended to make one if the "search incident" exception is to be applied.

If a search could be justified by an arrest that, but for the search, would never have taken place, the Supreme Court would not have decided Knowles in the way it did.  In Knowles as in this case, there was probable cause to make an arrest, and there was a search, followed immediately by an arrest.  The problem, in Knowles as here, was that the search caused the arrest and not the other way around.  In Knowles, this fact was proved by the officer's choice, before conducting the search, not to arrest defendant for speeding but to issue him a citation.  Here, Officer Merino made a similar choice not to arrest defendant for drunken driving, a fact proved by the officer's testimony.

Accordingly, the order of the Appellate Division should be reversed, defendant's motion to suppress granted, and the indictment dismissed.

People of the State of New York v Graham Reid

No. 205

READ, J. (DISSENTING):

I would affirm the Appellate Division's order. As an initial matter, I do not agree that Knowles v Iowa (525 US 113 [1998]) is "controlling here" (majority op at 4). Just this past spring the United States Supreme Court in Riley v California (134 S Ct 2473 [2014]) stated that it had refused to extend the rule of United States v Robinson (414 US 218 [1973]) in Knowles because issuance of a citation does not implicate the concerns for officer safety and destruction or loss of evidence that underlie the search incident doctrine (see Riley, 134 S Ct at 2485). Under Iowa law at the time Knowles was decided, the issuance of a citation in lieu of arrest did not affect the police officer's authority to conduct an otherwise lawful search. The Supreme Court was concerned that applying Robinson to cases involving citations rather than arrests would "untether" the search incident doctrine from its justifications (see id.).

Unlike Knowles, this case does not involve a search incident to issuance of a citation. And while the arrest here occurred after the search, as was the case in Knowles, the Supreme Court in Rawlings v Kentucky (448 US 98, 111 [1980])

- 1 -

indicated that "[w]here the formal arrest follow[s] quickly on the heels of the challenged search," it is not "particularly important that the search preceded the arrest rather than vice versa."

The majority principally grounds its decision to reverse on the police officer's subjective intent -- i.e., the police officer testified at the suppression hearing that he did not intend to arrest defendant until he discovered the switchblade in defendant's pocket. But as the Appellate Division recognized, the United States Supreme Court has consistently held that an arresting officer's subjective intent, however determined, offers no basis for negating an objectively valid arrest (see 104 AD3d 58, 61-62 [1st Dept 2013], discussing Devenpeck v Alford, 543 US 146, 125 S Ct 588, 160 L Ed 2d 537 [2004]; see also People v Robinson, 97 NY2d 341 [2001]).

The majority now makes an exception to this long-established rule, declaring that "[w]here no arrest has yet taken place, the officer must have intended to make one if the 'search incident' exception is to be applied" (majority op at 5). I find no basis for this exception in Supreme Court jurisprudence. Again, the majority relies on Knowles. But nothing in Knowles itself or in the Court's subsequent discussion of Knowles in Riley suggests that Knowles came out the way that it did because the police officer did not subjectively intend to make an arrest as evidenced by his issuance of a citation before the search.

Moreover, interpreting <u>Knowles</u> in this way places it in tension with <u>Rawlings</u>.  If a police officer's subjective motive for making the arrest is critical, it should be the subject of factfinding at any suppression hearing where the search occurred prior to the formal arrest.  Yet, the Supreme Court in <u>Rawlings</u> said that it was not "particularly important that the search preceded the arrest rather than vice versa."

There is good reason for the Supreme Court's preference for categorical rules on the subject of a stop or arrest and search incident to arrest -- i.e., "to provide clear guidance to law enforcement" (<u>Riley</u>, 134 S Ct at 2491).  Otherwise, every stop or arrest or search incident to arrest would inevitably devolve into difficult-to-resolve disputes about motive or whether a threat of harm to the police officer or risk of destruction of evidence actually existed in the particular case. The facts here are seemingly clear-cut (i.e., the police officer's statements at the suppression hearing) and perhaps not often repeated, which makes a departure from the categorical rules a tempting prospect.  But a categorical rule no longer serves its purpose if a court decides to ignore it in individual cases where it seems less fair than particularized factfinding.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order reversed, defendant's motion to suppress granted and indictment dismissed.  Opinion by Judge Smith.  Chief Judge Lippman and Judges Pigott and Rivera concur.  Judge Read dissents in an opinion.  Judge Abdus-Salaam took no part.

Decided December 16, 2014