■ The People of the State of New York, Respondent, v Jermel Mangum, Appellant. [3 NYS3d 332]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; Michael J. Obus, J., at plea and sentencing), rendered September 20, 2012, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to an aggregate term of five years, unanimously reversed, on the law, defendant's motion to suppress granted, and the indictment dismissed.

On January 26, 2012, police officers Maurad Arslanbeck and David Porras were assigned to patrol a housing complex on the Lower East Side of Manhattan. The officers first observed defendant walking through a courtyard along with two other men, each holding a styrofoam cup. Defendant was carrying a thin backpack that sagged heavily on its right side. As the trio continued walking, the officers observed defendant discard the styrofoam cup onto the grass.

The officers then approached the men from opposite directions. Officer Arslanbeck reported seeing defendant adjust his backpack to place it higher up on his shoulder and hearing a clinking sound emanating from inside the bag. The officers identified themselves and after some questions, defendant stated that his backpack contained books. Defendant was then instructed to place the backpack on the ground and the officers reported hearing the sound of a clinking metal object as the bag was being moved. Officer Porras picked the bag up from

the ground and felt the barrel of a handgun. Defendant was then arrested. At this point, Officer Porras opened the bag and confirmed the presence of a firearm. At the precinct, defendant was searched and a small quantity of marijuana as well as several glassines of heroin were recovered from his person.

Defendant moved to suppress all of the physical evidence against him, arguing that it was obtained through illegal searches in contravention of the Fourth Amendment. The trial court held that the police did not have reasonable suspicion to stop defendant and frisk his backpack. It nevertheless denied the motion, finding that the evidence was obtained pursuant to a lawful search incident to arrest. The court reasoned that since the police had probable cause to arrest defendant for littering once he discarded the styrofoam cup, the search of the backpack was authorized as incident to the arrest that could have been made, regardless of whether the officers had any actual intent to arrest defendant for littering. Based on the recent Court of Appeals decision in *People v Reid* (24 NY3d 615 [2014]), which holds that there must be either an actual or intended arrest for the offense justifying the search, we now reverse.

It is well recognized that the police may search the person or area within the immediate control of any individual who is lawfully placed under arrest (*see People v Wylie*, 244 AD2d 247, 249 [1st Dept 1997], *lv denied* 91 NY2d 946 [1998]; *Chimel v California*, 395 US 752, 762-763 [1969]). The warrantless search incident to arrest advances the twin objectives of ensuring the safety of law enforcement and the prevention of evidence tampering or destruction by a suspect. It is not particularly significant whether a search precedes an arrest or vice versa, so long as the two events occur in a nearly contemporaneous manner (*People v Verges*, 120 AD3d 1028, 1029 [1st Dept 2014], *lv denied* 24 NY3d 1047 [2014]; *People v Evans*, 43 NY2d 160, 166 [1977]). Based on *Reid*, however, it is now clear that the police must either make an arrest or intend to make an arrest at the time of the search in order for the search to be considered lawful (24 NY3d 615). The intent to arrest for the offense justifying the search must be present even if a defendant is ultimately arrested for a different offense (*id.*).

In *Reid* (24 NY3d 615 [2014]), the defendant was pulled over by a police officer after he was observed driving erratically. Based on the defendant's disheveled appearance and odd responses to questions, the officer ordered him out of the car, searched his person, and uncovered a knife in his pocket. Although it was undisputed that the officer's observations gave

him probable cause to arrest the defendant for driving while intoxicated, the officer testified at the suppression hearing that he had no intention of arresting the defendant at the time he was initially stopped and searched. The officer also explained that it was not until discovery of the knife that he decided to arrest the defendant. In declining to uphold the search as incident to the defendant's arrest, the Court of Appeals observed that "but for the search," the arrest "would never have taken place" (24 NY3d at 620), concluding that it was irrelevant that an arrest for DWI could have been made prior to the search. The Court explained that the search must be "incident to an actual arrest, not just to probable cause that might have led to an arrest, but did not" (24 NY3d at 619). This necessarily requires that, at the time the search is undertaken, an arrest has either been made or the officer has already formulated the intent to effectuate an arrest.

While in this case the officers had probable cause to arrest defendant for littering (*see* Administrative Code of City of NY § 16-118; *Atwater v Lago Vista*, 532 US 318, 354 [2001]), defendant was not arrested for that offense. Nor did either of the officers testify at the suppression hearing that they harbored any intent to arrest defendant until they discovered the gun. According to officer Arslanbeck, it was only after they discovered a weapon in defendant's backpack that a decision to arrest him was made. Without an actual arrest or the formulation of an intent to arrest defendant for littering prior to frisking his bag, the search cannot be justified as having been incident to defendant's arrest (*Evans*, 43 NY2d at 166; *Knowles v Iowa*, 525 US 113 [1998]).

The trial court found that the officers otherwise lacked reasonable suspicion to stop defendant, a conclusion that the People do not contest on appeal. Consequently, the evidence obtained from defendant's backpack and from the subsequent search at the precinct should have been suppressed. In light of our decision that the search was unlawful, we need not address defendant's remaining arguments. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Gische, JJ.