■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY SIMMONS, Appellant. [58 NYS3d 329]—

Appeal from judgment, Supreme Court, New York County (Edward J. McLaughlin, J. at suppression hearing; Neil E. Ross, J. at plea and sentencing), rendered May 20, 2015, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him to a term of 30 days, held in abeyance, and the matter remanded to Supreme Court for determination, based upon the evidence presented at the suppression hearing, of the issues raised at the hearing but not determined therein.

The court erred in denying defendant's suppression motion on the ground that the officer recovered the gravity knife from defendant based on a "search incident to arrest." Although the record supports a finding that the officer had probable cause to arrest defendant for assault based on reliable information from the assault victim, the People failed to meet their burden (*see People v Di Stefano*, 38 NY2d 640, 652 [1976]) of demonstrating that the officer intended to arrest defendant for the assault

at the time he recovered the knife (*see People v Reid*, 24 NY3d 615, 620 [2014]; *People v Mangum*, 125 AD3d 401 [1st Dept 2015]). The officer's testimony, viewed as a whole, indicates that, when he noticed the knife upon approaching defendant and retrieved it from defendant's pocket, the officer's intent was to inquire about the assault in order to verify that defendant was indeed the man who had assaulted the victim. Further, it was not until after the officer had retrieved the knife and confirmed that it was a gravity knife that he asked about the assault.

The People argue, in the alternative, as they did at the hearing, that the officer's act of taking the knife from defendant's pocket, where the handle of the knife and its clip were in plain view, was permissible as a self-protective minimal intrusion (*see People v Miranda*, 19 NY3d 912, 914 [2012]). However, as the hearing court did not rule on this issue in denying the suppression motion, and therefore did not rule adversely against defendant on this point, we may not reach it on this appeal (CPL 470.15 [1]; *People v LaFontaine*, 92 NY2d 470 [1998]).

We therefore hold the case in abeyance and remand for determination, based on the hearing minutes, of the issues raised at the hearing but not decided (*see e.g. People v Washington*, 82 AD3d 570 [1st Dept 2011]). We reject defendant's argument that, rather than remanding for further proceedings, we should grant suppression and dismiss the indictment. As the Second Department has observed, "[W]here, as here, the alternative issue raised by the People on appeal has not been determined by the trial court, and the resolution of that issue could affect the determination of the suppression motion, we deem it appropriate to hold the defendant's appeal in abeyance and remit the matter for consideration of the alternative issue" (*People v Chazbani*, 144 AD3d 836, 839 [2d Dept 2016]). This case does not involve a failure of the People to preserve the issue (*see People v Dodt*, 61 NY2d 408, 416 [1984]) or to present the necessary evidence (*see People v Havelka*, 45 NY2d 636, 642-645 [1978]). Accordingly, granting suppression in this procedural posture would give defendant an undeserved windfall. Concur—Acosta, P.J., Renwick, Richter and Webber, JJ.