People v Vinson (2018 NY Slip Op 03437)





People v Vinson


2018 NY Slip Op 03437


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


6510 512/15

[*1]The People of the State of New York, Respondent,
v
Thomas Vinson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jacqueline A. Meese-Martinez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Oliver McDonald of counsel), for respondent.



Appeal from judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered November 22, 2016, convicting defendant, after a jury trial, of tampering with physical evidence and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to an aggregate term of 1½ to 3 years, held in abeyance, and the matter remanded to Supreme Court for determination, based upon the evidence presented at the suppression hearing, of the issues raised at the hearing but not determined therein.
The court erred in denying defendant's suppression motion on the ground that the police entrance into a single-use restroom located in an adult film and novelty store was not a "search" for purposes of the Fourth Amendment. We conclude that, once he closed the door, defendant had a reasonable expectation of privacy while using the small, single-use restroom because at that point he was "entitled to assume that while inside he ... will not be viewed by others" (People v Mercado, 68 NY2d 874, 876 [1986], cert denied 479 US 1095 [1987]; see People v Milom, 75 AD2d 68, 70 [1st Dept 1980]; People v Hemmings, 35 Misc 3d 298, 300-303 [Sup Ct, NY County 2012]). The closed door of the restroom was comparable to closed bathroom stalls in public restrooms, where a reasonable expectation of privacy exists (see Milom, 75 AD2d at 70). This expectation of privacy was not negated by the facts that the restroom was located in a commercial establishment and was unlocked (see Mercado, 68 NY2d at 876 ["(o)nce the door is closed" a person may have a reasonable expectation of privacy (emphasis added)]; Milom, 75 AD2d at 70; Hemmings, 35 Misc 3d at 302-303 ["(t)he absence of a lock is not a determinative factor in deciding whether a person has a reasonable expectation of privacy in an area"]).
In the alternative, the People argue, as they did at the hearing, that the police entrance into the restroom was reasonable because it was based on probable cause to suspect that there was drug use occurring inside. However, because "the hearing court did not rule on this issue in denying the suppression motion, and therefore did not rule adversely against defendant on this point, we may not reach it on this appeal" (People v Simmons, 151 AD3d 628, 629 [1st Dept 2017]). Accordingly, we hold the appeal in abeyance and remand for
determination, based on the hearing minutes, of the issue raised at the hearing, but not decided (see id.). At this stage of the appeal, we do not address defendant's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK