People v Holmes (2019 NY Slip Op 02033)





People v Holmes


2019 NY Slip Op 02033


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8734 5650/10

[*1]The People of the State of New York, Respondent,
v
Stanley Holmes, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Renee A. White, J. at suppression hearing; Michael R. Sonberg, J. at jury trial and sentencing), rendered June 30, 2016, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously reversed, on the law, and the matter remanded to Supreme Court for a determination, based upon the evidence presented at the suppression hearing, of the issues raised at the hearing but not decided by the court, and for a new trial.
The parties correctly agree that the hearing court erred when it denied defendant's motion to suppress a pistol based solely on the court's finding that defendant lacked standing because the pistol was recovered from the ground. Two officers testified at the hearing to the effect that the pistol was recovered immediately after it fell from defendant's person. Since this Court lacks jurisdiction to affirm the denial of defendant's motion to suppress the pistol on the alternative ground that the police had reasonable suspicion to stop and frisk him, a ground upon which the hearing court did not rule, we "reverse the denial of suppression and remit the case to Supreme Court for further proceedings" (People v LaFontaine, 92 NY2d 470, 474 [1998]; see also People v Simmons, 151 AD3d 628, 629 [1st Dept 2017]) [determination of unresolved suppression issues following remand is to be based upon the hearing minutes]).
Defendant is also entitled to a new trial, because the trial court improperly precluded his counsel from cross-examining the only police officer who allegedly saw the pistol falling from his person about allegations raised in a federal civil action against the officer, which had settled. Counsel had a good faith basis for seeking to impeach the officer's credibility by asking him about allegations that he and other officers approached and assaulted the plaintiff in that case without any basis for suspecting him of posing a danger and filed baseless criminal charges against him (see People v Smith, 27 NY3d 652, 666-67 [2016]). Although trial courts "retain broad discretion" over the admission of prior bad acts allegedly committed by a police witness or other witness (id. at 660), the court improvidently exercised its discretion by entirely precluding any cross-examination about the allegations at issue here without any valid
justification, such as a potential to confuse the jury (see id. at 668).
We find that this error was not harmless (see People v Crimmins, 36 NY2d 230, 242 [1975]). This case hinged on the testimony of the two police officers present at the time the pistol was retrieved from the ground, and the court's ruling pertained to the only officer who allegedly saw the pistol falling from defendant's person. Since the evidence of guilt was not overwhelming and defendant "was not permitted to cross-examine [the] witness[] regarding the acts underlying the federal lawsuit, which would have been relevant to [his] credibility," there was a "significant probability that the jury would have acquitted if defendant had been permitted to impeach" the officer (Smith, 27 NY3d at 668). We note that the jury returned its verdict in this simple weapon possession case after deliberating for three days and receiving two Allen charges [*2](see Allen v United States, 164 US 492 [1896]), and two prior juries failed to reach a unanimous verdict on the sole count in this case.
Since we are ordering a new trial, we find it unnecessary to reach defendant's remaining arguments, except that we find that
the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK