People v Huggins (2020 NY Slip Op 05601)





People v Huggins


2020 NY Slip Op 05601


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Ind No. 2883/16 Appeal No. 12013 Case No. 2019-363 

[*1]The People of the State of New York, Respondent,
v
Ronnell Huggins, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Edwina G. Richardson-Mendelson, J. at suppression hearing; Gilbert C. Hong, J. at nonjury trial and sentencing), rendered April 21, 2017, as amended June 19, 2017, convicting defendant, of criminal possession of a weapon in the third degree, and sentencing him to a term of two to six years, unanimously affirmed.
The search in which a police officer recovered a boxcutter from defendant's pocket was not a valid search incident to arrest. Probable cause to arrest did not exist at the time of the search because, at that point, the information underlying the radio run on which the officer acted lacked the requisite indicia of reliability. Even if probable cause had been established, the search incident to arrest exception would still be inapplicable because the record indicates that the officer had no present intention to arrest at the time of the search, but was detaining defendant pending a showup identification (see People v Reid, 24 NY3d 615 [2014]).
However, the hearing court's denial of suppression was harmless in light of the overwhelming evidence of defendant's guilt independent of the recovery of the boxcutter (see People v Crimmins, 36 NY2d 230 [1975]), consisting of the testimony of four witnesses, a 911 call describing the incident in progress, and a videotape of the incident. This evidence unequivocally established that defendant possessed a dangerous instrument, and we find defendant's arguments to the contrary unavailing.
We perceive no basis for reducing defendant's sentence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020