People v White (2024 NY Slip Op 03277)

People v White

2024 NY Slip Op 03277

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

335 KA 19-01184

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JARRETT WHITE, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 28, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that Supreme Court erred in refusing to suppress cocaine seized by police officers after a search of his person. We affirm.
The evidence at the suppression hearing established that the police stopped defendant's vehicle for a traffic violation and that an officer detected the odor of marihuana emanating from the vehicle when he approached. Defendant handed the officer a marihuana cigarette after the officer asked if anyone in the vehicle was smoking. The officer ordered defendant and his passenger out of the vehicle, but instead of complying, defendant placed his hands inside his pants. Officers wrestled defendant out of the vehicle and onto the ground, where he was handcuffed. During the altercation, the officer instructed defendant to "stop resisting." The officer patted defendant down for weapons and felt a bulge in his pants in the same area where defendant had placed his hands. The officer removed the item, which was 52 bags of crack cocaine. Defendant was placed under arrest for possession of the cocaine.
The court upheld the search as a lawful search incident to an arrest, and we note that we are precluded from affirming on any alternative basis (see People v Concepcion, 17 NY3d 192, 197-198 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]). Defendant, relying on People v Reid (24 NY3d 615, 618-619 [2014]), contends that the search was illegal because it preceded the arrest and that the only reason for the arrest was the cocaine that was found during the search. We conclude that the court properly determined that the search and the arrest were "substantially contemporaneous" (id. at 619; see People v Chestnut, 36 NY2d 971, 973 [1975]) "so as to constitute one event" (People v Evans, 43 NY2d 160, 166 [1977]). The evidence at the suppression hearing supports the conclusion "that the search was 'incident to an actual arrest, not just to probable cause that might have led to an arrest, but did not' " (People v Johnson, 186 AD3d 1168, 1168 [1st Dept 2020], lv denied 36 NY3d 973 [2020]). Unlike in Reid, the officer never testified that he had no intent to arrest defendant when he ordered him out of the vehicle (cf. Reid, 24 NY3d at 618). It is not decisive "that the police chose to predicate the arrest on the possession of [cocaine], rather than on [possession of marihuana]" (id. at 619).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court