People v Aragon (2025 NY Slip Op 00055)

People v Aragon

2025 NY Slip Op 00055

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Ind. No. 3822/18 Appeal No. 3428 Case No. 2020-03813 

[*1]The People of the State of New York, Respondent,
v
Andy Aragon, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Frank Xiao of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jamie Masten of counsel), for respondent.

Judgment, Supreme Court, New York County (Curtis J. Farber, J., at suppression hearing; Ann Scherzer, J., at trial and sentencing), rendered September 8, 2020, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth and seventh degrees and unlawful possession of marijuana, and sentencing him, as a second felony drug offender previously convicted of a violent felony offense, to an aggregate term of 3½ years, unanimously reversed, on the law, the motion to suppress granted, and the indictment dismissed.
Defendant was entitled to suppression of the cocaine and money recovered in a search of his person, which occurred after officers pulled over the minivan in which he was a passenger for two traffic violations and detected a strong odor of marijuana as they approached the van. An officer saw loose marijuana on defendant's lap, asked him to step out of the car, and immediately frisked him, finding a small plastic bag in defendant's pocket and a significantly larger one inside the top of his underwear. The drugs were not recovered in a valid search pursuant to a lawful arrest because the record fails to show that the officer had any intention of arresting defendant before recovering the cocaine (see People v Reid, 24 NY3d 615, 619 [2014]). Since defendant's marijuana conviction has already been vacated and count dismissed (see CPL 160.50[3][k][iii], [5][a]), all of the drugs and money recovered should be suppressed, and the indictment dismissed.
In view of the foregoing, we find it unnecessary to address defendant's remaining arguments for affirmative relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025