People v Gonzalez (2025 NY Slip Op 02883)

People v Gonzalez

2025 NY Slip Op 02883

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Ind. No. 797/21|Appeal No. 4336|Case No. 2022-05700|

[*1]The People of the State of New York, Respondent,
v
Luis Gonzalez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth Lagerfeld of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew H. Chung of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura Ward, J. at suppression hearing; Thomas A. Farber, J. at trial and sentencing), rendered December 13, 2022, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to a term of five years, unanimously reversed, on the law, defendant's motion to suppress granted, and the indictment dismissed.
Supreme Court incorrectly denied defendant's motion to suppress physical evidence recovered from defendant's bag based on his stepmother's consent to search her apartment (see People v Gonzalez, 88 NY2d 289, 293 [1996]). The testimony at the hearing was explicit that the officer conducting the search knew that the bag belonged to defendant and not defendant's stepmother before he picked it up and felt what he believed to be a firearm inside. Therefore, she did not "possess[] common authority over . . . [the] effects sought to be inspected"—here, defendant's backpack—and could not consent to a search of it (id.).
While the People argue, in the alternative, that defendant was trespassing and abandoned the bag when he left it in the apartment to surrender himself to the police, they did not advance this argument before the suppression court, and they are foreclosed from doing so now (People v Dodt, 61 NY2d 408, 416 [1984]). The same is true of their argument that search of the bag was permissible under the emergency exception to the warrant requirement (id.; People v Mitchell, 39 NY2d 173, 177-178 [1976], cert denied 426 US 953 [1976]). Furthermore, the hearing court did not rule on these issues in denying suppression, "and therefore did not rule adversely against defendant on this point" (People v Simmons, 151 AD3d 628, 629 [1st Dept 2017]). Thus, this Court "lacks jurisdiction to affirm the denial of defendant's motion to suppress" the firearm on this alternative ground (People v Holmes, 170 AD3d 532, 533 [1st Dept 2019]; see People v LaFontaine, 92 NY2d 470, 474 [1998]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025